935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John D. MARTONE, Jr., William R. Martone, Donna L. Cohen,
Plaintiffs-Appellants,
v.
CONNECTICUT GENERAL LIFE INSURANCE CO., E.I. Dupont De
Nemours and Company, Defendants-Appellees.
 No. 90-1522.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 6, 1991.
Decided June 26, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-90-1281-JH)
 Joseph H. Thomas, Jr., Baltimore, Md., for appellees.
 D.Md.
 REVERSED AND REMANDED.
 Before PHILLIPS and WILKINS, Circuit Judges, and ELIZABETH V. HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 John D. Martone, Jr., William R. Martone, and Donna L. Cohen appeal from an order of the district court granting summary judgment in favor of Connecticut General Life Insurance Company and E.I. DuPont de Nemours and Company. Appellants are personal representatives of the estate of their mother, Evelyn C. Martone. The district court found that appellants failed to present evidence that services totalling $24,285 rendered by nursing assistants during Evelyn Martone's extended terminal illness were provided by an approved Hospice program as required by provisions of Option II of DuPont Medical Care Assistance Program ("Plan") administered by CIGNA. We reverse and remand.
 
 
 2
 Evelyn Martone remained at home during her illness and required continuous care. At the suggestion of her treating physician, Dr. Virginia U. Collier, appellants contacted Kent County Hospice and hired five nursing assistants recommended by Hospice to provide home health care. Appellants sought reimbursement for costs of these services. Appellees contended that the assistants were practitioners not covered under Plan provisions and refused to pay the claim.
 
 
 3
 Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether this showing has been made, the court must assess the evidence in a light most favorable to the party opposing the motion. Charbonnages de France v. Smith, 597 F.2d 406 (4th Cir.1979). The appellate standard of review of a grant of summary judgment is de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 4
 The Plan includes a section entitled "Hospice Care" that allows coverage for "100% of the reasonable and customary charges for Hospice services for an unlimited number of days when the services are provided by an approved Hospice program." The order of the district court provides that
 
 
 5
 [a]lthough Mrs. Martone was eligible for home care because she was terminally ill, the Plan only covers nursing or home health aid services that "are provided by an approved Hospice program." The record reveals that the claimants were unlicensed nurses aides. The plaintiffs have not brought forth any evidence to show that the claimants provided services pursuant to an approved Hospice program. Thus, the defendants are entitled to summary judgment on count I.
 
 
 6
 The court correctly determined that Plan provisions do not require persons providing home health aid services to be licensed health care practitioners. However, the court apparently held that the Hospice program was not approved because the nursing assistants were unlicensed. Whether Plan provisions include a license requirement is an issue distinct from whether the services were provided by an approved Hospice program.
 
 
 7
 Reviewing the evidence in a light most favorable to appellants, we cannot say that the record contains no evidence that the services were provided by an approved Hospice program. The record contains a letter submitted by Dr. Collier stating that the assistants rendered home care services under her direct supervision. A section of the Plan entitled "What is Not Covered Under the Option II Plan" lists charges for services "not recommended and approved by a physician." We find that the letter from Dr. Collier sufficiently raises a question of fact concerning whether the services were provided by an approved Hospice program.
 
 
 8
 Appellants' attorney was unable to continue representation before this court as a result of state disciplinary proceedings. From an abundance of caution, we reverse summary judgment and remand to the district court with instructions to evaluate coverage under Hospice Care provisions and particularly to determine whether Dr. Collier is an appropriate approving authority.
 
 
 9
 REVERSED AND REMANDED.